UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARTIN CISNEROS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:15-cv-01130 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| MNPD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M**

The plaintiff, a resident of Nashville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the MNPD (Metropolitan Nashville Police Department), officer Austin Bass, and Sergeant Clifton Knight, alleging that the defendants violated the plaintiff's federal constitutional rights when Bass and Knight refused to assist the plaintiff with his transportation needs and by issuing a citation to the plaintiff for misuse of 911. (Docket No. 1). As relief, the plaintiff seeks a court review of the policies of the MNPD and damages for his claims. (*Id*. at p. 5).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

1

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.  Section 1983 Standard

The plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights,

2

privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that the plaintiff, who is legally blind with mobility-limiting disabilities, missed the last Metro Transit Authority bus out of downtown Nashville, Tennessee, on the night of April 17, 2015. The plaintiff then called a cab, which did not arrive "after hours of waiting." (Docket No. 1 at p. 2). As a result, the plaintiff, who is unable to drive himself, was "stranded" after midnight in downtown Nashville. (*Id.*) According to the complaint, the plaintiff "was in fact scared for his well bring, not being able to see properly especially at night and in a wheelchair," so the plaintiff "dialed for help using 911 . . . trusting that if in fact a police officer were to summon a taxi (handicapped accessible) it would serve as a higher level of response." (*Id.*)

Defendant Bass arrived at the plaintiff's location after learning of the 911 call. (*Id.* at p. 3). The complaint alleges that Bass was angry and arrested the plaintiff for misuse of 911, stating that "he did not think [the plaintiff's] emergency was or met his level of help or emergency response." (*Id.*) The plaintiff asked for a supervisor. Defendant Knight arrived and "stated in part that he would not have issued the arrest," but that he was going to agree with Defendant Bass. The officers did not assist the plaintiff.

The complaint alleges that the plaintiff, having no way home, spent the night outside in the weather, vulnerable to attack. (*Id.* at p. 4). According to the plaintiff, the defendants had a

responsibility "not to leave a blind, disabled wheelchair user individual in harm's way of potential assault once they knew of the potential harm that could result in their refusal to help." (*Id.*)

**IV. Analysis**

First, with regard to any claims the complaint raises concerning the constitutionality of any defendant issuing the plaintiff a citation for the misuse of 911 services in Davidson County Tennessee, any such claims arise out of local or state law and, as such, are not within this court's jurisdiction.

Next, the plaintiff names the MNPD as a defendant to this action. The MNPD is not a a suable entity itself. *See Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases)). Thus, the plaintiff's claims against the MNPD must be dismissed.

Giving this *pro se* complaint a liberal construction, the court could construe the plaintiff's complaint as an attempt to state a claim against Metropolitan-Nashville/Davidson County. However, while Metropolitan-Nashville/Davidson County is a suable entity, it is responsible under § 1983 only for its " own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted). A municipality may be liable under § 1983 "only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386

4

(6th Cir. 2014)(quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359. Thus, to state a municipal liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

The complaint alleges that the plaintiff's "civil rights have been violated by Ofc. Bass, Sgt. Knight, and the MNPD for arresting me on the night in question and not providing me with any help or assistance of any kind, which is in fact their responsibility . . . ." (Docket No. 1 at p. 4). Reading the *pro se* complaint generously, the complaint challenges the alleged custom or practice of MNPD officers refusing to assist disabled citizens who are experiencing an emergency.

However, the circumstances as set forth in the complaint do not describe an emergency situation. When the defendant officers arrived at the scene to respond to the plaintiff's 911 call, they assessed the situation and determined that no emergency was present requiring their assistance. The plaintiff was not injured or sick or unable to care for himself; he was able to communicate with others. He did not allege a specific imminent threat to his health, safety, or well-being. There is no federal constitutional or civil right granting citizens, disabled or not, police officer assistance in finding a ride home after midnight, absent circumstances not alleged in the instant complaint. For example, had the officers arrived on the scene to find the plaintiff had been the victim of an assault

5

in need of medical treatment, a different response likely would have been warranted. Similarly, had the plaintiff been intoxicated and unable to make decisions for himself, the officers likely would have responded differently.

As it stands, when the officers left this plaintiff in downtown Nashville without calling him a cab or otherwise helping him find a way home, the plaintiff was in the same situation he would have been in had the officers never responded to his 911 call. In other words, nothing officers Bass or Knight did or did not do left the plaintiff any more vulnerable to the risk that he had already undertaken by voluntarily choosing to visit downtown Nashville and by failing to arrive on time to catch the MTA bus to his residence. *See Jones v. Reynolds*, 438 F.3d 686, 692-93 (6th Cir. 2006)(holding that officers' failure to stop drag race on public street, despite fact that they arrived at scene before race commenced, did not amount to affirmative act which increased risk of harm to spectator killed after one driver lost control of car and crashed into crowd). While the officers may have been aware of the dangers the plaintiff, a disabled man, faced while spending the night outside and alone in downtown Nashville, the officers played no part in the creation of those dangers, nor did the officers do anything to render the plaintiff any more vulnerable to those dangers. *See Bukowski v. City of Akron*, 326 F.3d 702, 709 (6th Cir. 2003)("Examining the quality of government involvement here, it is apparent that . . . the government was merely returning a person to a situation with a preexisting danger.") Moreover, while the court does not doubt the complaint's assertion that the plaintiff feared for his safety when he spent the night outside alone on the city streets, the complaint does not allege that the plaintiff suffered <u>any</u> harm as a result of the officers' actions or inactions. The court concludes, then, that the complaint fails to state a § 1983 claim upon which relief can be granted against Metropolitan-Nashville/Davidson County or against the individual

police officers who arrived on the scene after the plaintiff's 911 case but refused to help the plaintiff find a ride home.

Even if the complaint otherwise stated a claim upon which relief can be granted, the plaintiff's § 1983 claims for monetary damages against the individual defendants in their official capacities are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989).

**V.     Conclusion**

As set forth above, the court finds the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the complaint will be dismissed.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge